### STATE *vs.* SANFORD S. CHAPMAN *et al.*

Somerset. Decided November 19, 1878.

*Fraudulent conveyance.*

Chapman was the assignee of a note and a mortgage securing it, of two pieces of land to one of which the original mortgagor gave a warrantee deed to Emery, and to the other of which the mortgagor's interest came to Campbell by intermediate assignments through Bunker, each assignee agreeing with his assignor to pay the whole note secured by the mortgage of the two pieces. Chapman transferred his interest in the note and mortgage to Campbell's daughter. An indictment stating these facts and that the transfer by Chapman was made to defraud Emery and Bunker: *Held*, to charge no offense known to the law, and particularly that it does not sufficiently set out a fraudulent conveyance under R. S., c. 126, § 3.

ON EXCEPTIONS.

INDICTMENT for fraudulent conveyance under R. S., c. 126, § 3.

*D. D. Stewart*, for the defendants.

*L. L. Walton*, county attorney, for the state.

LIBBEY, J. This case comes before this court on demurrer to the indictment. The strongest case stated against the respondents in any of the counts in the indictment, embraces these facts:

John H. Gilbreth mortgaged two pieces of land to the West Waterville Savings Bank to secure his note for $1,200. Afterwards, William H. Emery became the owner of the equity of redemption of the first piece described in the mortgage, and Benjamin Bunker became the owner of the equity of redemption of the second piece, and became liable to pay the note and redeem the mortgage; and conveyed that piece to the respondent, Campbell, who became liable to Bunker to pay the note and redeem the mortgage.

The respondent, Chapman, became the holder of the note and mortgage by assignment from the savings bank, and assigned the same to Annie J. Campbell, with intent to defraud Emery and Bunker.

It is nowhere alleged that the mortgage had been paid; nor that Chapman was not the holder of it, by assignment, for full value; nor that he assigned to Annie J. Campbell without receiving full value therefor. The only title held by Emery was subject to the mortgage. The only interest which Bunker had in the matter was the liability to pay the note and redeem the mortgage, and Campbell's contract with him to do the same. Taking all the allegations in the indictment to be true, it is not perceived that it can make any difference to Emery and Bunker whether the note and mortgage is held by Chapman or Annie J. Campbell. For aught that appears their rights and liabilities are the same in one case as in the other. The indictment does not show how the assignment from Chapman to her can possibly defraud them.

The indictment charges no offense known to the law.

> *Exceptions sustained. Demurrer*
> *sustained. Indictment bad.*

APPLETON, C. J., DANFORTH, VIRGIN and PETERS, JJ., concurred.